# ORIGINAL

# In the United States Court of Federal Claims

No. 14-193 C
(Filed: August 29, 2014)

**FILED**

AUG 2 9 2014

**U.S. COURT OF**
**FEDERAL CLAIMS**

| | |
|---|---|
| ANTHONY R. HICKS, | ) Pro Se; Rule 12(b)(1); Lack of |
| | ) Jurisdiction; Rule 12(b)(6); Failure to |
| Plaintiff, | ) State a Claim; Tort Claims; Punitive |
| | ) Damages; Informant Reward; Criminal |
| v. | ) Penalties; Impeachment; Fifth & Sixth |
| | ) Amendments; Taking; Frivolousness, |
| THE UNITED STATES, | ) 28 U.S.C. § 1915; Interest; Attorneys' |
| | ) Fees; Travel Expenses; Costs |
| Defendant. | ) |
| | ) |

Anthony R. Hicks, Embudo, New Mexico, pro se.

Douglas G. Edelschick, Trial Attorney, with whom were Stuart F. Delery, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, District of Columbia, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Plaintiff Anthony R. Hicks, pro se, has filed a 128-page Complaint against the federal government comprised of allegations interspersed with copies of correspondence, federal statutes, and other papers. Compl., Mar. 7, 2014, Dkt. No. 1 (pagination added). Mr. Hicks complains that the government has not paid his seventeen million dollar ($17M) demand, id. at 2, 5, 8, 55–56, 76, 102, 122, 124, that he previously sought in an earlier case before this court, Hicks v. United States, No. 10-793C (Block, J.), for tort-based injuries allegedly sustained in an altercation with a South Carolina police detective, see Compl. at 87–88, 90–91, 96–97.

Mr. Hicks also accuses the government—particularly, the President, the Attorney General, and the Acting Associate Attorney General—of violating a myriad of federal criminal laws based on the government's: (i) refusal to recognize any merit in Mr. Hicks' claims; and (ii) supposed role in convincing earlier courts to dismiss those claims for lack of jurisdiction. See id. at 5–7, 67, 84, 94, 121–128 (alleging, inter alia, obstruction of justice, improperly influencing official proceedings, fraud, deceit, false statements, and perjury). He further asserts that the government's failure to pay his

original demand amounts to a failure to enforce the law, embezzlement, theft, receipt of stolen property, property destruction and other criminal offenses. See id. at 2, 7–8, 64, 67, 84, 121–128.  Plaintiff variously demands the officials' impeachment, arrest, jail time, and capital punishment, id. at 1–2, 4–6, 58, 61, 64, 67, 126–28, and up to $157 million ($157M) as an "informant reward" or for other unspecified reasons, id. at 2, 8, 55.  Lastly, he seeks interest on his $17M demand, id. at 56–57, 76, 80, 122, plus anticipated travel expenses between $7,000–$10,000 and attorneys' fees for the present litigation, id. at 8–9, 55, 80.

The government has moved to dismiss Mr. Hicks' Complaint for lack of jurisdiction and for failure to state claims under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC or Rule), as well as for frivolity under 28 U.S.C. § 1915(e)(2) (2012).  Def.'s Mot. Dismiss, Apr. 4, 2014, Dkt. No. 5. The court permitted Mr. Hicks to file a late response to the motion, see Order, Aug. 18, 2014, Dkt. No. 11 (lodging Pl.'s Resp., Aug. 14, 2014, Dkt. No. 8), to which defendant has replied, see Def.'s Reply, Aug. 15, 2014, Dkt. No. 10.

The court now considers the parties' motion, response, and reply, plaintiff's Complaint and its exhibits, as well as—where noted—a dispositive opinion written by Judge Block, which is set forth in Hicks v. United States, No. 10-793C, 2011 WL 3319563 (Fed. Cl. Aug. 1, 2011) (Hicks I).

For the reasons that follow, the court **GRANTS** defendant's Motion to Dismiss and **DISMISSES** plaintiff's Complaint in its entirety.

I.      Discussion

A.      The Court Lacks Jurisdiction Over Almost All of Plaintiff's Claims

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." OTI America, Inc. v. United States, 68 Fed. Cl. 108, 113 (2005) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88–89, 118 S. Ct. 1003, 1009–10 (1998)); accord PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007).  The Tucker Act is the primary source of jurisdiction for this court. See 28 U.S.C. § 1491 (2012) (Tucker Act); Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).  It vests the court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, does not create any substantive rights and, therefore, is insufficient to confer jurisdiction on its own. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)).  A plaintiff must identify a

2

separate source of law that creates a right to money damages for his or her claim. Id.; Holmes v. United States, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (explaining that the Tucker Act "is a jurisdictional provision 'that operate[s] to waive sovereign immunity for claims [against the United States] premised on other sources of law (e.g., statutes or contracts'") (quoting United States v. Navajo Nation, 556 U.S. 287, 290, 129 S. Ct. 1547, 1551 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." United States v. Mitchell, 463 U.S. 206, 216, 103 S. Ct. 2961, 2967–68 (1983). The test is whether the independent source of law "can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for [the particular harm] sustained [by the particular plaintiff]." Id. at 216–17 (citation omitted); see also Fisher, 402 F.3d at 1172 ("[The] source must be 'money-mandating.'"); Contreras v. United States, 64 Fed. Cl. 583, 588–92 (2005).

When faced with a jurisdictional challenge under Rule 12(b)(1), the court will generally "accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."[1] Goel v. United States, 62 Fed. Cl. 804, 806 (2004) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)); accord Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). Courts hold pro se complaints, "however inartfully pleaded," "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); accord Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (citing Forshey v. Principi, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc)). "'As [is] often done with pro se plaintiffs, the court searches the record to see if a plaintiff has a cause of action somewhere displayed.'" Goel, 62 Fed. Cl. at 86 (quoting Boyle v. United States, 44 Fed. Cl. 60, 62 (1999)); accord Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

While the court may excuse ambiguities or the lack of formalities in a pro se plaintiff's complaint, Henke, 60 F.3d at 799, "[t]his latitude . . . does not relieve a pro se plaintiff from meeting jurisdictional requirements," Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004). If jurisdiction is lacking, the court must dismiss the action. RCFC 12(h)(3); Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). Alternatively, the court may transfer the action to another federal court that would have jurisdiction, if the transfer would be in the interest of justice. Gray v. United States, 69 Fed. Cl. 95, 98 (2005) (citing 28 U.S.C. § 1631; Telcomm Techn. Servs., Inc. v. Siemens Rolm Commc'ns, 295 F.3d 1249, 1252 (Fed. Cir. 2002)).

---

[1]   If a defendant challenges a plaintiff's jurisdictional facts, then the court may look beyond the pleadings to resolve its jurisdiction. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993); Trevino v. United States, 113 Fed. Cl. 204, 207–208 (2013), aff'd, 557 F. App'x 995 (Fed. Cir. 2014).

A liberal reading of Mr. Hicks' Complaint fails to implicate any money-mandating constitutional provision, federal statute, federal regulation or contract under which this court may exercise jurisdiction, with the exception of his possible takings claim addressed in Section I.C., infra.

1.   Plaintiff's Claim for $17M in Tort Damages

Plaintiff's demand for $17M falls outside this court's jurisdiction for multiple reasons. First, the demand is based on allegations of personal injury resulting from conduct that sounds in negligence, fraud, intentional infliction of emotional dismiss, or other wrongful activity. See Compl. at 87–88, 90–91, 96–97. These are all torts. Seals-Bey v. United States, 116 Fed. Cl. 120, 122 (2014) (citing Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam)); Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998); accord Curry v. United States, 609 F.2d 980, 983 (Ct. Cl. 1979). However, the Tucker Act plainly excludes tort claims from the court's jurisdiction. 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214, 113 S. Ct. 2035, 2043 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Second, plaintiff's multi-million dollar demand reflects not only the alleged sum of actual damages he seeks but a request for punitive damages as well. This court has no authority to award punitive damages. Garner v. United States, 230 Ct. Cl. 941, 941 (1982). Nor are such damages available in tort suits against the United States. 28 U.S.C. § 2674 (2012); Vincin v. United States, 468 F.2d 930, 932 (1972) (per curiam).

Third, although Mr. Hicks names the United States as a party defendant, his tort claim concerns the conduct of a South Carolina police detective, not the actions or inactions of the federal government. This court has no authority to hear claims against private individuals or state entities, including (as in this case) a state police detective or perhaps his police department. See Cottrell, 42 Fed. Cl. at 148 (citing United States v. Sherwood, 312 U.S. 584, 588, 61 S. Ct. 767, 770 (1941)); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) (explaining the court has no jurisdiction over "local, county, or state agencies, rather than federal agencies"). This court may only consider claims properly brought against the United States. 28 U.S.C. § 1491(a)(1).

Fourth, the alleged incident appears to have occurred at least fifteen years ago. See Hicks I, 2011 WL 3319563, at *1. As such, the tort claims are untimely because they fall well outside this court's general six-year statute of limitations. See 28 U.S.C. § 2501; John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133–34 (2008) (holding that this court's six-year statute of limitations is jurisdictional).

4

Accordingly, this court has no authority to hear plaintiff's untimely tort-based claims against a state police detective for compensatory and punitive damages.

2.    Plaintiff's Claim for $17M as an Alleged "Entitlement" or "Award"

Plaintiff's claim for $17M fares no better when he characterizes the $17M claim as a prior "entitlement" or "award," see Compl. at 2, 84–85, 121–23, 126–28, 108–09, rather than as a prior demand. Mr. Hicks fails to identify any money-mandating source of law (whether statute, regulation, or contract) or the Constitution that would have required the government pay this amount. See 28 U.S.C. § 1491; RCFC 9(j) (setting forth plaintiff's obligation to identify the statute, contract, or other source of law relied upon for claim). For example, plaintiff identifies no facts from which the court might infer a prior contract, settlement agreement, or judgment in his favor that might have obligated a payment. In addition, this court never entered judgment in plaintiff's favor; on the contrary, it dismissed his prior suit for lack of jurisdiction.[2] See Hicks I, 2011 WL 3319563, at *3. The court has no jurisdiction over plaintiff's claim of an alleged prior "entitlement" or "award."

3.    Plaintiff's Claims Against Federal Officials

The court also lacks authority to adjudicate claims against individual federal officers such as, in this case, the President, the Attorney General, and the Assistant Attorney General. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). "'[I]f the relief sought is against others [not] the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.'" Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) (quoting Sherwood, 312 U.S. at 588, 61 S. Ct. at 770)); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[C]laims against various individual officials in

---

[2]    Plaintiff appears to misunderstand the effect of this prior ruling. He argues that the judge in his prior case "issued a summary [judgment], Anthony R. Hicks, and demand for payment of $17.mil. and this over three years ago." Pl.'s Resp. to Def.'s Mot. Dismiss (Pl.'s Resp.), Aug. 14, 2014, Dkt. No. 8, at 2 (capitalization altered). In Hicks v. United States, No. 10-793C, 2011 WL 3319563 (Fed. Cl. Aug. 1, 2011) (Hicks I), Judge Block indeed issued "summary judgment" on Mr. Hicks' seventeen million dollar demand; however, summary judgment was in favor of the government and not in favor of Mr. Hicks, who lost on all of his claims for lack of jurisdiction. Plaintiff also refers to another order in that case, entered April 26, 2011, see Pl.'s Resp. App., Dkt. No. 8–2, at B-2, but that order merely reflected the court's agreement to review plaintiff's arguments in "Plaintiff's Cross-Motion" and did not reflect the court's acceptance of those arguments.

their personal and professional capacities cannot be entertained in this court."). Therefore, the court cannot consider plaintiff's claims against federal executive officials.

4.    Plaintiff's Allegations Under the Criminal Code

Also outside this court's jurisdiction are plaintiff's claims based on the criminal code—e.g., 18 U.S.C. §§ 371–373 (conspiracy), 641–670 (embezzlement and theft), 1501–1521 (obstruction of justice); 18 U.S.C. §§1621–1623 (perjury)—as well as his demands for the impeachment of federal officials, see U.S. Const. art. II, § 4, and the imposition of various other criminal penalties, see 18 U.S.C. § 3553(a) (incorporating by reference the U.S. Sentencing Guidelines Manual (2013)). This court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Hover v. United States, 113 Fed. Cl. 295, 296–97 (2013), aff'd, No. 2014-5022, --- F. App'x ---, 2014 WL 2523253 (Fed. Cir. Jun. 5, 2014).

Further, the court is empowered only to impose monetary damages and limited forms of ancillary relief. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) (per curiam) (explaining there is no jurisdiction to grant non-monetary relief except in limited circumstances); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (explaining that limited equitable relief must be an incident of and collateral to a money judgment) (citations and quotations omitted). By extension, the court has no authority to grant the criminal penalties requested by plaintiff, particularly the arrest, incarceration, and capital punishment of executive officials. See Brunson v. United States, No. 10-837, 2011 WL 2784596, *2 (Fed. Cl. July 12, 2011) ("[T]he court lacks jurisdiction to hear criminal cases, and thus the Court could not imprison the offending employees."). In addition, the court cannot impeach any executive official because the Constitution expressly vests the power of impeachment within the sole province of Congress. See U.S. Const. art. I § 2, cl. 5 & § 3 cl. 6 (vesting the House of Representatives and the Senate with impeachment powers). In sum, neither plaintiff's criminal charges, nor his demands for impeachment and criminal penalties, belong in this court.

5.    Plaintiff's Demand for an "Informant Reward"

This court also lacks jurisdiction over plaintiff's demand for a $157M "informant reward." See Compl. at 2, 8, 55. Mr. Hicks fails to identify a money-mandating source of law that would obligate the government to pay such an award. See RCFC 9(j) (setting forth plaintiff's obligation to identify the statute, contract, or other source of law relied upon for claim). Statutes that provide rewards for informants or whistleblowers are plainly inapposite to Mr. Hicks and the facts of his case. Cf. 31 U.S.C. § 5323 (informant rewards made by the Federal Deposit Insurance Corporation); 19 U.S.C. § 1619 (Customs "moiety statute" providing awards for information concerning import

and export violations).  Nor is there any basis on which to conclude plaintiff acted as a confidential informant pursuant to any express or implied agreement with the government.  See Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed. Cir. 1994) ("Absent privity [of contract] between [plaintiff] and the government, there is no case."); San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989) (explaining that "[t]o recover for breach of contract, [plaintiff] must allege . . . (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) breach of that duty, and (4) damages caused by the breach"); contra Vargas v. United States, 114 Fed. Cl. 226, 232–36 (2014) (finding jurisdiction existed over claim for breach of confidential informant agreement).

6.   Plaintiff's Claims Based on the Constitution and Other Statutes

Plaintiff's constitutional claims also must fail for want of jurisdiction.  The court liberally construes plaintiff's scattered references to the Due Process Clause of the Fifth Amendment and to the Sixth Amendment, Compl. at 54, as allegations that federal officials violated these constitutional protections, see id. at 2 (alleging "wrongful violations of [the] United States Constitution").  But, neither constitutional provision is money-mandating and, thus, neither can be a source of jurisdiction for this court.  Winston v. United States, 465 F. App'x 960, 961 (Fed. Cir. 2012) (per curiam) (holding that claims arising under the Sixth Amendment "fall outside the jurisdiction of the [Court of Federal Claims]"); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995) (holding that the court lacks jurisdiction over an alleged violation of the Due Process Clause because the clause does not obligate the government to pay money damages) (citing cases).

Also misplaced is Mr. Hicks' reliance on the myriad of other federal and state laws to which he cites.  Either the cited federal statutes are not money-mandating or the statutes are plainly inapposite to the facts of this case.  See, e.g., Compl. at 2, 7, 125–26, 128 (citing, inter alia, 42 U.S.C. § 7413, which provides for federal enforcement of environmental laws).  The court similarly lacks jurisdiction over Mr. Hicks' state law and procedure claims.  See, e.g., id. at 2, 7 (citing Kansas statutory law, KRS 224.01–.50, concerning failure to enforce state law or regulations); id. at 87–88, 112–14 (citing New Jersey civil practice provision, Rule 4:51, concerning writs of "ne exeat and capias ad respondendum"); Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").

B.  The Jurisdictionally-Flawed Claims Must Be Dismissed, Not Transferred

Based on the foregoing, the court has found that it lacks jurisdiction over plaintiff's demands for $17M in tort damages, $157M in "informant reward," the impeachment and criminal punishment of federal executive officials, and other damages.

7

The court further declines to transfer any of these claims to another court that might have jurisdiction.  Transfer is permitted if "it is in the interest of justice."  28 U.S.C. § 1631 (2012).  "The phrase 'if it is in the interest of justice' relates to claims [that] are nonfrivolous and as such should be decided on the merits."  Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).  Transfer is not in the interest of justice here because plaintiff's claims are frivolous.

"Frivolous claims include spurious and specious arguments and distortion and disregard of the record[,] . . . involve legal [conclusions] not arguable on the merits, . . . or [are] those whose disposition is obvious."  Id. (quotations and citations omitted).  Each of these descriptions of "frivolous claims" fairly characterizes Mr. Hicks' claims.  For example, his tort claims were already dismissed by at least three different fora and are based on events too far back in time to be within any conceivable limitations period in any court.  See Hicks I, 2011 WL 3319563, at *1–2.  His criminal malfeasance allegations are purely conclusory and lack any cognizable factual support.  At most, plaintiff alleges that federal employees or officials defended the government against his earlier suits or advocated in a court of law for the dismissal of his legal claims.  The court is not aware of any constitutional protection, statute, regulation, or contract applicable to Mr. Hicks that would be violated merely by such activity in an adversarial legal proceeding.  Also missing from Mr. Hicks' Complaint is any legally cognizable factual nexus between his claims and any specific action of the President, the Attorney General, or the Assistant Attorney General.  His summary assertions that these individuals "were among those who witnessed the decision [in Hicks I, 2011 WL 3319563]" and that "the President has executive responsibilities such as overseeing these occurrences, as well as, enforcing these laws" are insufficient.  See Pl.'s Resp. 1–2.  Accordingly, it is appropriate to dismiss Mr. Hicks' jurisdictionally deficient claims in lieu of transferring them to another court.[3]

C.    Plaintiff Fails to State a Fifth Amendment Takings Claim

Plaintiff's Complaint contains interspersed references to a "taking," Compl. at 54, 121, and to destruction and theft of "stolen property," e.g., id. at 7, 29, 31, 36, 121, 125, 128, which could be interpreted as an effort to pursue just compensation for a taking under the Fifth Amendment, U.S. Const. amend. V, cl. 5 (a Takings claim).  Takings claims fall properly within the jurisdiction of this court.  See 28 U.S.C. § 1491(a)(1); Blanchette v. Conn. Gen. Ins. Corp., 419 U.S. 102, 125–26, 95 S. Ct. 335, 349–50

---

[3]    Because the court dismisses these claims for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC or Rule), it need not address whether Rule 12(b)(6) would provide alternative grounds for dismissal.

(1974) (citing cases back to 1932); Bywaters v. United States, 670 F.3d 1221, 1224 (Fed. Cir. 2012); Fry v. United States, 72 Fed. Cl. 500, 508 (2006).

"[T]he more difficult question is whether [a plaintiff has] stated such a claim in [a particular] case." Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987); see also A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1150–55 (2014) (surveying various forms of viable takings claims). The Takings clause states that "private property [shall not] be taken for a public use, without just compensation." U.S. Const. amend. V, cl. 5. A claimant "must show that the [United States], by some specific action, took a private property interest for public use without just compensation." Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (citing Hodel v. Va. Surface Mining & Reclam. Ass'n, 452 U.S. 264, 294, 101 S. Ct. 2352, 2370 (1981)); Short v. United States, 50 F.3d 994, 1000 (Fed. Cir. 1995); see also RCFC 9(i) ("In pleading a claim for just compensation under the Fifth Amendment of the United States Constitution, a party must identify the specific property interest alleged to have been taken by the United States."). In this case, however, even if jurisdiction exists in the abstract, Mr. Hicks fails to state a viable takings claim.

To survive defendant's Rule 12(b)(6) challenge, plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).[4] The court must "accept as true the facts alleged in the complaint" and "must draw inferences in the light most favorable to the plaintiff." Hornback v. United States, 601 F.3d 1382, 1384 (Fed. Cir. 2010) (quotation and citation omitted). However, the court "is not required to indulge in unwarranted inferences in order to save a complaint from dismissal." Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (quotation and citation omitted). The alleged facts must be sufficient for "the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4]     The court "may also look [beyond the pleadings] to matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record" in deciding motions to dismiss. A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quotation and citation omitted); AstraZeneca Pharm. LP v. Apotex Corp., 669 F.3d 1370, 1378 n.5 (Fed. Cir. 2012). Specifically relevant to this case, the court may review the exhibits attached to plaintiff's Complaint on which plaintiff relies in support of his claims, as well as Judge Block's decision in Hicks I, 2011 WL 3319563, the docket in that case, and filings made therein. Pikulin v. United States, 97 Fed. Cl. 71, 73 n.3 (2011) (citing Fed. R. Evid. 201; McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009) (judicial opinion); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (docket sheets); United States v. Estep, 760 F.2d 1060, 1063 (10th Cir. 1985) (court records of closely related prior litigation)).

alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1955). "[L]abels and conclusions . . . will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. The "allegations must raise a right to relief above the speculative level." Id.

If the facts underlying a claim (even if true) would not entitle a party to relief, then the court must dismiss the claim. RCFC 12(b)(6); Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) (explaining dismissal "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy"). As the Federal Circuit has explained, "[a] motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Id. (citation omitted). However, "[a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Contreras, 64 Fed. Cl. at 586 (quotation and citation omitted).

Here, plaintiff appears to premise his takings claim on the government's refusal to pay his $17M demand and its ongoing retention of his demanded amount. Compl. at 2 ("fail to pay"); id. at 128 ("purported stolen award money") (capitalization altered). A demand for personal injury and punitive damages, however, is not "property" within the meaning of the Fifth Amendment. As explained earlier in this ruling, a demand is not the same as an entitlement. See supra Section I.A.2. Even if plaintiff's demand represented a genuine obligation of the government, the failure to pay such a monetary obligation would not amount to a taking. Cf. Adams v. United States, No. 00-447C, 2003 WL 22339164, at *8 (Fed. Cl. Aug. 11, 2003) (explaining that plaintiff's statutory right to underpaid overtime compensation under the Fair Labor Standards Act is not a property interest for purposes of the Takings clause, but rather an ordinary obligation to pay money under a compensation statute), aff'd, 391 F.3d 1212, 1220, 1224 (Fed. Cir. 2004); Kitt v. United States, 277 F.3d 1330, 1336–37 (Fed. Cir. 2002) (holding that general obligation to pay money under a disputed provision of the tax code was not a taking); see also Cannon v. District of Columbia, 873 F. Supp.2d 272, 282 (D.D.C. 2012) (dismissing takings claim premised on deduction in employee paychecks as offset for pension payments), aff'd in relevant part, 717 F.3d 200, 206, 208 (D.C. Cir. 2013) (explaining plaintiffs had no "'cognizable property interest' in the simultaneous receipt of their annuities and full salaries," and affirming dismissal of the constitutional takings claim). The Federal Circuit has explained that "a legally-recognized property interest such as one in real estate, personal property, or intellectual property . . . is protected as property under the Takings Clause, whereas [an ordinary obligation to pay money] is not because it lacks any foundation in property law." Adams, 391 F.3d at 1224.

Moreover, even if an obligation to pay money constituted property, it was not seized for public use, as required for just compensation under the takings clause. See U.S. Const. amend. V. "In other words, nothing was really 'taken' from [the plaintiff] for the use of the public—at best, proceeds simply were not paid." Adams, 2003 WL 22339164, at *8. "Accordingly, the government did not appropriate plaintiff['s] money for its own purpose." Id. at *9. "Instead, it simply did not pay plaintiff[]" because it believed plaintiff was not entitled to the money. Id. As this court previously stated:

> Indeed, for courts to rule [that failure to pay a monetary obligation is a taking] would elevate ordinary claims for monies owed by government into constitutional cases. . . . [T]o so rule would also produce absurd semantic results. . . . "[A]nalyzing the assessment under the principles of takings law is awkward . . . because the property allegedly taken in this case was money [which] leads to the curious conclusion that the government may take the [plaintiff's] money as long as it pays the money back[."] When cash payments are solely involved, it is strained to talk about cash for cash as compensation when it is really a kind of replevin or debt payment.

Id. (quoting Branch v. United States, 69 F.3d 1571, 1575–1576 (Fed. Cir. 1995)).

Mr. Hicks cannot prove any set of facts to support his conclusory allegation that a taking has occurred based on the government's refusal to pay Mr. Hicks' $17M demand. Accordingly, Mr. Hicks fails to state a Fifth Amendment takings claim and that claim must be dismissed.[5]

II.    Frivolousness Under the In Forma Pauperis Statute

Defendant also moves to dismiss plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2). Def.'s Mot. Dismiss 9–10. The cited statute provides that "the court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). However, the statute only applies to cases

---

[5]    In the alternative, plaintiff's takings claim is dismissed for lack of jurisdiction under Rule 12(b)(1). See Filler v. United States, 116 Fed. Cl. 123, 127 (2014) ("'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy.'") (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010 (1998)).

brought in forma pauperis.[6] See id.; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732 (1992); Taylor v. United States, No. 2014-5110, --- F. App'x ---, 2014 WL 3827558 at *1 (Fed. Cir. Aug. 5, 2014) (per curiam); Pikulin, 425 F. App'x at 903. Here, plaintiff paid his initial filing fee and, therefore, is not proceeding in forma pauperis. See Dkt. No. 1 (text entry stating, "$400.00 filing fee paid, receipt number 076346"); see also Pikulin v. U.S., 97 Fed. Cl. at 73 n.3 (explaining the court may take judicial notice of a court docket when ruling on motion under Rule 12(b)(6)). The statute is inapposite and defendant's request for dismissal under the statute must be denied.

III.     Interest, Attorneys' Fees, And Costs

Plaintiff's request for "interest" on his $17M demand must be denied because there is no statute authorizing the payment of prejudgment interest in this case. See Normandy Apartments, Ltd. v. United States, 100 Fed. Cl. 247, 258 n.16 (2011) (citing Library of Congress v. Shaw, 478 U.S. 310, 317, 106 S. Ct. 2957, 2962–63 (1986) ("In creating the Court of Claims, Congress retained the [g]overnment's immunity from awards of interest, permitting it only where expressly agreed to under contract or statute."), superseded by statute on unrelated grounds, Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071). Plaintiff's request for fees and costs (including travel expenses) likewise must be denied. Pro se litigants are not entitled to recover attorneys' fees. Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1583 (Fed. Cir. 1991) (under 28 U.S.C. § 2412 (2012), "a party acting pro se is not entitled to an attorney fee award"). Moreover, even if Mr. Hicks were not precluded from recovering fees by his pro se status, he would not be entitled to any fees or costs because he did not prevail on any issue. 28 U.S.C. § 2412(a)(1) (permitting fee and cost awards only to "the prevailing party"). Therefore, Mr. Hicks is plainly not entitled to interest, fees, or costs.

IV.     Conclusion

The court **GRANTS** defendant's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), and **DISMISSES** plaintiff's Complaint. The Clerk shall enter judgment accordingly. No costs.

Furthermore, based on the court's review of plaintiff's Complaint and its exhibits, plaintiff's Response to Defendant's Motion to Dismiss, and Judge Block's decision in Hicks I, 2011 WL 3319563, which outlines Mr. Hicks' litigation history in this court and other fora, the court is concerned that Mr. Hicks' contacts with the court and other fora

---

[6]     See Black's Law Dictionary 899 (10th ed. 2014) (defining "in forma pauperis" as "[i]n the manner of an indigent who is permitted to disregard filing fees and court costs").

appear to demonstrate "indicia of frivolousness and harassment."  <u>See</u> <u>Hemphill v.</u>
<u>Kimberly–Clark Corp.</u>, 374 F. App'x 41, 45 (Fed. Cir. 2010) (quoting <u>In re Powell</u>, 851
F.2d 427, 431 (D.C. Cir. 1988) (describing guidelines for anti-filing injunctions for pro
se litigants)).  Accordingly, Mr. Hicks is cautioned that further frivolous filings in this
court may result in monetary or non-monetary sanctions.  <u>See</u> RCFC 11(c).

     IT IS SO ORDERED.


PATRICIA E. CAMPBELL-SMITH
Chief Judge